```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ABRAHAM GRAVES,
                                        Docket No. 07 Civ. 11500 (SAS)
            Plaintiffs,

        against-                        ECF CASE

THE CITY OF NEW YORK, a municipal       COMPLAINT and
entity; RAYMOND KELLY, New York         DEMAND FOR JURY
City Police Officer PATRICK,
CAREW, OFFICER NEWEL and JOHN
DOES 1 - 4, individually
and in their official capacities,
jointly and severally,

            Defendants.
-----------------------------------X
```

**INTRODUCTION AND PRELIMINARY STATEMENT**

1. This is an action against the defendant parties, individually and collectively, for the violation of the plaintiffs' federally-guaranteed constitutional and civil rights and their rights as otherwise guaranteed under the laws and Constitution of the State of New York.

2. This case arises out of the arrest of plaintiff on March 31, 2007 in the vicinity of 220 West 42nd St., New York, New York.

3. The plaintiff seeks monetary damages for the wrongful and false arrest and further wrongful detention and incarceration and for subjecting him to unnecessary and excessive and unreasonable force associated with the arrest and for subjecting the plaintiff to malicious prosecution, malicious abuse of criminal process, racial discrimination and retaliation for the exercise of protected speech and otherwise, for the violation of the plaintiffs'

federally-guaranteed constitutional and civil rights and for the violation of their rights as guaranteed under the laws and Constitution of the State of New York; and the plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interests of justice and assure that their remedies are full and complete.

## JURISDICTION

4. Jurisdiction of this court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 (3) and (4) in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and he First, Fourth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendant Party Jurisdiction. The plaintiff requests that the court exercise its power to invoke pendant claim and pendant party jurisdiction.

6. The state law claims have a common nucleus of operative fact with the federally-based claims and they arise out of the same transaction and occurrence giving rise to the plaintiff's federally-based claims and causes of action.

7. The plaintiff also invokes the jurisdiction of this court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interests of justice in order to provide the plaintiffs with

a full and complete remedy for the violation of his civil rights.

## VENUE

8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

### Plaintiff

9. Plaintiff Abraham Graves, an African American citizen, resides at 131 St. Nicholas Ave., New York, New York.

### Defendants

10. Defendant City of New York (the "City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11. Defendant Raymond Kelly is the current Police Commissioner for the City of New York. At all times herein, defendant Kelly was aware of all of the unconstitutional operations, customs and policies set fort herein, in particular those described in ¶ 3 above, and ¶¶ 16 -17 and ¶¶ 60 - 68 below. He authorized, participated in, sanctioned, approved, encouraged and ratified those operations, customs and policies. He is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies,

practices and /or customs complained of herein.  He is sued individually and in his official capacity.

12.  At all times herein, Defendant Carew, a white male, was a New York City police officer.

13.  At all times herein, Defendant Newel, a white male, was a New York City police officer.

14.  At all times herein, Defendants John Doe 1 - 4 were New York City police officers.

15.  At all times relevant herein, Defendants City of New York, Kelly, Carew, Newel, and Does 1 - 4 acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein.  At all times relevant herein, these defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incidental to the otherwise lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.  They are sued in their individual and official capacities.

16.  At all times herein, each defendant herein acted pursuant to the customs and policies of the defendant City of New York and the NYPD.

17.  At all times relevant herein, defendants Kelly, Carew, Newel, and Does 1 - 4 have violated clearly established constitutional standards under the First, Fourth and the Fourteenth Amendments of which reasonable police superintendents,

supervisors and officers, under the circumstances, would have been aware.

## FACTUAL ALLEGATIONS

18. On March 31, 2007, plaintiff was present at 42nd St. waiting for a friend. Defendants Carew and Newel observed plaintiff spit on the sidewalk and asked him for his identification. Plaintiff peacefully protested this but gave the identification. Thereafter, defendants began issuing plaintiff a summons.

19. When plaintiff continued to peacefully protest, defendants assaulted plaintiff including hitting him on the head with a nightstick, causing him to lose consciousness and go to the ground. Defendants, including John Does 1 - 4 then dragged plaintiff before replacing him on the ground.

20. An ambulance arrived and plaintiff, in police custody, was taken to a hospital where he received stitches to close the wound to his head.

21. Thereafter, plaintiff was taken to a police facility where he was falsely and wrongfully charged with criminal offenses.

22. Plaintiff was kept in custody and taken to court where he was charged with Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct. He was released by a judge in Criminal Court on April 1st.

23. Plaintiff was forced to defend himself in court against the charges for approximately eight months.

24. On June 29, 2007, plaintiff filed a Notice of Claim with

the City of New York.

25.  On December 10, 2007, the criminal matter against plaintiff was dismissed for failure to prosecute.

26.  Due to the arrest and prosecution, plaintiff lost employment and other opportunities.

### FIRST CAUSE OF ACTION

27.  Plaintiff reiterates paragraphs 1 through 24 as if fully set forth herein.

28.  The plaintiff was arrested without probable cause and thereby subjected to false arrest in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. section 1983.

29.  The plaintiff suffered injuries and damages.

### SECOND CAUSE OF ACTION

30.  The plaintiff reiterates paragraphs 1 through 27 as if fully set forth herein.

31.  The plaintiff was subjected to false arrest in violation of their rights under the laws and Constitution of the State of New York.

32.  The plaintiff suffered injuries and damages.

### THIRD CAUSE OF ACTION

33.  The plaintiff reiterates paragraphs 1 through 30 as if fully set forth herein.

34.  The plaintiff was subjected to unnecessary and excessive and unreasonable force in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights

Act of 1871, 42 U.S.C. Section 1983.

35. The plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

36. The plaintiff reiterates paragraphs 1 through 33 as if fully set forth herein.

37. The plaintiff was assaulted and battered in violation of their rights under the laws and Constitution of the State of New York.

38. The plaintiff suffered injuries and damages.

## FIFTH CAUSE OF ACTION

39. The plaintiff reiterates paragraphs 1 through 36 as if fully set forth herein.

40. The plaintiff was subjected to malicious prosecution in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

41. The plaintiff suffered injuries and damages.

## SIXTH CAUSE OF ACTION

42. The plaintiff reiterates paragraphs 1 through 39 as if fully set forth herein.

43. The plaintiff was subjected to malicious prosecution in violation of his rights under the laws and the Constitution of the State of New York.

44. The plaintiff suffered injuries and damages.

## SEVENTH CAUSE OF ACTION

45. The plaintiff reiterates paragraphs 1 through 42 as if

fully set forth herein.

46. The plaintiff was subjected to the actions and conduct of the defendant parties for other than legitimate law-enforcement objectives and to achieve the defendants' collateral objectives: retaliation for and punishment of the reasonable exercise by the plaintiffs of their First Amendment protected speech activities.

47. The plaintiff was subjected to malicious abuse of criminal process in violation of his rights under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

48. The plaintiff suffered injuries and damages

### EIGHTH CAUSE OF ACTION

49. The plaintiff reiterates paragraphs 1 through 46 as if fully set forth herein.

50. The plaintiff was subjected to malicious abuse of criminal process in violation of his rights under the laws and Constitution of the State of New York.

51. The plaintiff suffered injuries and damages.

### NINTH CAUSE OF ACTION

52. The plaintiff reiterates paragraphs 1 through 49 as if fully set forth herein.

53. The actions and conduct of the defendant parties were taken against the plaintiff in retaliation for the plaintiff's reasonable exercise of his First Amendment protected speech in violation of the plaintiff's rights under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42

U.S.C. Section 1983.

54. The plaintiff suffered injuries and damages.

### TENTH CAUSE OF ACTION

55. The plaintiff reiterates paragraphs 1 through 52 as if fully set forth herein.

56. The actions and conduct of the defendant parties were taken against the plaintiffs in retaliation for the plaintiff's reasonable exercise of protected speech in violation of the plaintiff's rights under the laws and Constitution of the State of New York.

57. The plaintiff suffered injuries and damages.

### ELEVENTH CAUSE OF ACTION

58. The plaintiff reiterates paragraphs 1 through 55 as if fully set forth herein.

59. The actions and conduct of the defendant parties were racially discriminatory and violative of the plaintiff's rights under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

60. The plaintiff suffered injuries and damages.

### TWELFTH CAUSE OF ACTION

61. The plaintiff reiterates paragraphs 1 through 58 as if fully set forth herein.

62. The actions and conduct of the defendant parties were racially discriminatory and violative of the plaintiff's rights under the laws and Constitution of the State of New York.

63. The plaintiff suffered injuries and damages.

## **THIRTEENTH CAUSE OF ACTION**

64.    The plaintiff reiterates paragraphs 1 through 61 as if fully set forth herein.

65.    The actions and conduct of the law-enforcement agents herein were propelled by the quality of life, drug, and weapons crime offense enforcement initiatives of the City of New York, and by what is believed to be the pressure on police officers to generate arrest statistics, which cause New York City law-enforcement agents to cross constitutional boundaries in order to generate arrest statistics and prosecutions for criminal offenses regardless of probable cause for arrest, thereby making it appear to the public that said efforts are worth the investments including the cost of the arresting, detention, and incarceration of innocent individuals.

66.    Furthermore, the conduct herein was propelled by the policy and practice of a code of silence practice within the Police Department, which practice has been sanctioned by the final policy makers of the City of New York and which practice caused these officers to engage in wrongful, unlawful, and unconstitutional conduct without fear of being reported and/or sanctioned for that conduct: thus to engage in such conduct.

67.    The crime enforcement offense initiatives are predicated on an "the ends justifies the means" philosophy.

68.    Furthermore, the defendants in this action, individually and in their official capacities, have implemented enforced, encouraged and sanctioned policies, practices and/or customs of

refusing to allow the plaintiffs and persons similarly situated to express their opposition to unjustified or brutal police force without reprisal. These policies, practices and/or customs are enforced through a series of methods and techniques employed by the defendants, including, but not limited to, the use of false arrests, false imprisonment, malicious prosecution, abuse of process and denial of due process.

69. The defendant officers took no steps to intercede and to address what was obviously inappropriate and wrongful conduct on the part of wrongfully acting officers, of which, in whole or in part, said officers were aware or should have been aware. Furthermore, the defendant officers never reported any of the improper conduct, of which the defendant officers were aware or should have been aware, to higher authorities.

70. The policies and practices impact disproportionately on minority residents and citizens of the City of New York and on neighborhoods for disproportionate numbers of minority citizens reside.

71. The policies, practices and customs herein violated the plaintiff's rights under the First, Fourth, And Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

72. The plaintiff suffered injuries and damages.

### FOURTEENTH CAUSE OF ACTION

73. The plaintiff reiterates paragraphs 1 through 70 as if fully set forth herein.

74.   The policies and practices and customs as described violated the rights of the plaintiff as guaranteed under the laws and Constitution of the State of New York.

75.   The plaintiff suffered injuries and damages.

### FIFTEENTH CAUSE OF ACTION

76.   The plaintiff reiterates paragraphs 1 through 73 as if fully set forth herein.

77.   Independent of the <u>Monell</u> claim and federal jurisdiction associated therewith, the City of New York is responsible, under State law, for the wrongful conduct of the officers pursuant to and under the doctrine of <u>respondeat</u> <u>superior</u>.

78.   The plaintiff suffered injuries and damages.

### PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction herein and thereafter:

(a)   Assume pendent party and pendent claim jurisdiction;

(b)   Enter appropriate declaratory and injunctive relief;

(c)   Award appropriate compensatory and punitive damages in an amount to be defined and determined;

(d)   Award reasonable costs and attorneys' fees;

(e)   Award such other and further relief as the Court deems appropriate and just;

### JURY DEMAND

Trial by jury is demanded on all issues for which a jury trial is available.

DATED:    December 21, 2007
          New York, New York

                                        _____
                                        JOHN UPTON (JU  9065)
                                        70 Lafayette Street 7th Fl.
                                        New York, New York 100013
                                        (212) 233-9300